# Order

**Michigan Supreme Court**
**Lansing, Michigan**

September 18, 2009

138802

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

ADAM MUSTAFA ELANANI,
      Defendant-Appellant.
_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

SC: 138802
COA: 290561
Lenawee CC: 08-013540-FH

On order of the Court, the application for leave to appeal the April 6, 2009 order of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE the sentence of the Lenawee Circuit Court, and we REMAND this case to the trial court for resentencing. The trial court erred in scoring OV 7 at 50 points, because the victim was not subjected to extreme or prolonged pain or humiliation. MCL 777.37(3). The defendant's sentencing guidelines range based on properly scored offense variables is 7 to 23 months. As a result, the trial court's conclusion that the offense variables did not take into account the defendant's high offense variable score is not accurate. The other stated reasons for the departure, that the crime is a "very egregious offense" and that the defendant is "more recidivous," are not objective and verifiable reasons for the departure. On remand, the trial court shall sentence the defendant within the appropriate sentencing guidelines range, or articulate on the record a substantial and compelling reason for departing from the sentencing guidelines range in accordance with *People v Babcock*, 469 Mich 247 (2003), and *People v Smith,* 482 Mich 292 (2008). In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

      WEAVER, J. (*dissenting*).

I dissent. I would not vacate and remand this case for resentencing and I would deny leave to appeal because I am not persuaded that the decision of the Court of Appeals was clearly erroneous or that defendant has suffered any material injustice in this case.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

September 18, 2009

_____
Clerk

0915